UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80149-Cr-Hurley

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAYMOND L. CHAPA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION and DETENTION ORDER**

THIS CAUSE is before the Court for a final probable cause hearing on a petition for violation of supervised release, and for consideration of the issue of detention pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a). The Defendant appeared before the Court on September 21, 2015. The Defendant is charged with being unsuccessfully discharged from Jerome Golden Center for Behavioral Health's Concurring Disorders Residential Treatment program. The defendant admitted to the violation.

The Court finds that the Defendant knowingly, intelligently, and voluntarily admits to violating his supervised release and would like to proceed to sentencing. The Court also finds that the Defendant knowingly, intelligently, and voluntarily waives his rights to a final probable cause hearing.

The Court **RECOMMENDS** that the District Court accept the Defendant's admission and find the Defendant guilty.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Court Judge Kenneth A. Marra within fourteen days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections may limit the scope of appellate review of factual findings contained herein.  *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

## **DETENTION**

The Rules of Criminal Procedure provide that a magistrate judge may release or detain a person charged with violating supervised release pursuant to 18 U.S.C. § 3143(a).  *See United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994); Fed. R. Crim. P. 32.1(a)(6), 46(c).  Both Rules 32.1(a)(6) and 46(c) provide that the Defendant bears the burden of establishing that he or she will not flee or pose a danger to any other person or to the community.  Moreover, the Court is required to detain the defendant unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.  *See* 18 U.S.C. §§3142(e-f), 3143(a), and

3148(a-b).

Based upon the nature of the violation, in that it not only involves the Defendant being terminated from a halfway house for rule infractions, but also that Defendant failed to report to Probation thereafter; the Defendants' history of threats against the President, mental illness, addiction, and prior violation of supervised release, the Court finds that the Defendant has failed to prove, by clear and convincing evidence, that he does not pose a danger to the safety of any other person or the community, and a serious risk of flight, if released.

Under such circumstances, and in light of the dictates of 18 U.S.C. § 3143, the Court HEREBY ORDERS that the Defendant, RAYMOND L. CHAPA, be detained until further order of the Court.

IT IS HEREBY ORDERED that the Defendant be remanded to the custody of the U.S. Marshals until further proceedings occur.  The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel, and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of September, 2015.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Daniel T.K. Hurley, Senior United States District Judge
Counsel of record
U.S. Marshal
U.S. Probation
Clerk of Court